GODLEY *v.* HINES, DIRECTOR GENERAL OF RAILROADS, *et al.*

[86 South. 289, No. 21236.]

1. MASTER AND SERVANT. *Tools must be reasonably safe.*

The master must furnish the servant with reasonably safe tools with which to work.

2. MASTER AND SERVANT. *Negligence in furnishing tool question for jury.*

When the facts tend to show that the tool was not reasonably safe, the question of negligence should be submitted to the jury.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by W. B. Godley against Walker D. Hines, Director General of Railroads, agent of the United States, and the Yazoo & Mississippi Valley Railroad. Judgment for defendants on a directed verdict, and plaintiff appeals. Reversed and remanded.

*Chaney & Ramsey,* for appellants.

There is just one question, in our opinion, for this honorable court to pass upon, to-wit: Was it the duty of the defendant to furnish the plaintiff with reasonably safe tools with which to perform the work assigned him by the defendant? If so, then this case must necessarily be reversed and remanded for a new trial.

There is no question, the court will observe, but that the jack was in bad repair and defective, this question being undisputed. It is also undisputed that it was the duty of the gang foreman to keep the tools in proper repair, and that the plaintiff had nothing to do with keeping the tools in order and proper condition.

We are sure we are not in error when we say that the plaintiff had a right to assume that the tool in question was in a reasonably safe condition at the time it was de-

livered to him. That it was not in such condition, it cannot be disputed. When it was shown that the jack was one of a fifteen ton capacity and that it broke under a pressure of three hundred pounds, it cannot be argued, of course, that it was in a reasonably safe condition. It cannot be argued that the jack became defective after it was delivered to him because it is shown that the first time a pressure of three hundred pounds was placed against it, that it broke and gave way.

A master, we contend, and the courts so hold, is chargeable with knowledge of any defect in the tools furnished to employees that a proper inspection would have disclosed. It is the duty of the employer to inspect, or have inspected, the tools, machinery and appliances furnished to his employees. That this is recognized to be the law, we assume will not be questioned.

It may be said that the mere fact of an injury will not give rise to a presumption of negligence on the part of the master, but where the occurrence is such as in the ordinary course of events does not happen if proper care has been exercised, the fact of injury is sufficient to support a recovery in the absence of any explanation on the part of the master tending to show that the injury was not due to any failure or negligence on his part.

The court will find on page 66 of the record that it is shown that the jack would not have broken had it been in proper repair, and that the plaintiff did not know the condition that it was in, it not being his duty to keep it in repair. It was shown, that had the jack been in proper condition it would have raised a weight of fifteen or sixteen tons, and that it broke under a pressure of three hundred pounds the first time this pressure was placed against it after it was delivered to the plaintiff.

Note the ruling of the court where plaintiff's counsel desired to ask plaintiff this question: "Whether or not any defect of the jack in question could have been ascertained by exercise of ordinary care on the part of defendant by its officers and agents. Surely if the jack was de-

· fective and the defect could have been discovered by the exercise of ordinary care on the part of defendant, and it failed to exercise such care, this case ought to have gone to the jury.

Where the physical facts themselves of an accident create a reasonable probability that it resulted from negligence, the physical facts themselves are evidential and furnish what the law terms evidence of negligence, in conformity with the *maxim res ipsa loquitur. Seybolt* v. *New York L. E. & W. R. Co.*, 95 New York, 562, 47 Am. Reports, 75. Thus, where a loud and unusual noise came from the electric car, and a volume of ,smoke issued therefrom, frightening plaintiff's horse, an instruction that such noise and smoke raised a presumption that it would not have been caused if defendant had used proper care in relation to the machinery of the car, and that the jury may infer that the defendant was guilty of negligence, was properly given. *R. R. Electric Co.* v. *Hudgins*, 41 S. E. 736-738.

A master employing a servant impliedly engages with him that the place at which he is to work shall be reasonably safe. It is the master who is to provide the place, and when he employs one to enter into his service, he impliedly says to him that there is no other danger in the place than is obvious and necessary. *Baltimore R. R. Co.* v. *Baugh*, 149 U. S. 368.

In the case of *Santa Fe Tie and Lumber Co.* v. *Collins*, 198, S. W. 164, the court held that the master was liable where a servant suffered injuries where a sledge hammer flew off the handle while he was striking with it. The hammers were furnished the employees by another whose duty it was to see that the tools were kept in safe condition.

It has been held that a jury, in the absence of rebutting testimony, would be justified in finding for the plaintiff in the following cases: Where an open window in the office of a railroad company falls on one who was presenting an order for payment, in accordance with the custom of the company in paying its employees. *Carroll* v. *C. B.*

& N. R. Co., 75 N. W. 176. Where a brake chain broke,
throwing the brakeman to the ground. Harris v. G. Y. &
S. A. R. R. Co., 107 S. W. 108. Where a hand car was
derailed on account of the sudden locking of the wheel.
Blanton v. Dodd, 112 Mo. 372. Where a machine started
automatically. Lee v. Railroad, 109 Mo. 64. Where a
scaffold falls at a time when there is no weight on it
beyond what it is intended to carry. 164 New York, 553,
58 N. E. 662. Where a scaffold furnished by the master
fell while being used in the manner intended. Cleraly v.
General Contracting Co., 101 Pac. 888. Where a hook
broke while sustaining a weight that a sound hook would
have held. Sullivan v. Reed etc., 93 M. E. 576; Peters v.
City of Brookhaven, 49 So. 617; Gueble v. Town of Fayett,
46 So. 617; M. J. & K. C. R. R. Co. v. Hicks, 46 So. 360-
369; Y. & M. V. R. R. Co. v. Groome, 52 So. 703; Southern
Ry. Co. v. Wiley, 41 So. 511; Oneal v. Refuge Oil Co., 41
So. 671; Parker v. Woods Lbr. Co., 45 So. 252; White v.
L. & N. T. R. R. Co., 16 So. 248, Hope v. Natchez, C. & M.
R. Y. Co., — So. 369.

Where in an action for injuries to an employee assist-
ing in raising a railroad car with a jack, the employee
had no opportunity to inspect the jack, which, by reason
of its construction, was not a simple tool, and jacks were
scattered about the railroad yards, and it was the custom
of employees to use any of them, which did not have a bad
order mark, and the evidence was conflicting on the ques-
tion whether employees were required to inspect jacks,
before using them, and some witnesses testified that a
defect in a jack was not discoverable except when in use,
and others denied it, the question whether the railroad
was required to inspect the jack and liable for failing so
to do, was one of fact." M. K. & T. Ry. Co. v. Odem, 152
S. W. 730-733.

In the case at bar, whether the defendant inspected the
jack in question, and whether or not the defect in the jack
could have been discovered by the use of ordinary care, in
the absence of any sort of explanation on the part of de-

fendant was undoubtedly a question for the jury to pass
upon.   There is no evidence and no circumstance that
warranted the court below in assuming that the defect in
the jack developed while it was being used the last time.
If it did not develop while it was being used by the plain-
tiff after it was delivered to him by the defendant the last
time, necessarily it was defective at the time it was de-
livered to him by the defendant.

It appears to us that it was a violent assumption on the
part of the lower court in assuming that the jack became
defective after it had been delivered to plaintiff when the
evidence is uncontradicted that it broke the first time a
pressure of three hundred pounds was placed against it.
If it broke with a pressure of three hundred pounds, is it
not a reasonable assumption that it was defective, it being
a jack of fifteen ton capacity?   We submit that it was.

We desire to submit to this honorable court that this
plaintiff, by reason of the injuries sustained, is seriously
and permanently injured and that he has a just and
righteous cause of action against this defendant, and we
respectfully submit in all seriousness that this case should
be reversed and remanded for a new trial.

*Hirsh, Dent & Landau,* for appellee.

The appellant argues, there is just one simple question
for the court to review.   Was it the duty of the defendant
to furnish the plaintiff with reasonably safe tools with
which to perform the work assigned to him by the de-
fendant?   If so then this case must necessarily be reversed.
If the appellant's contention is erroneous, then it neces-
sarily follows that the judgment of the trial court must be
affirmed.

Knowledge, actual or constructive, is the essential fac-
tor in the determination of the liability of a master for
injury to the servant in considering the facts of this, and
similar cases.   The question, therefore, is not solely, was
it the duty of the master to furnish a reasonably safe tool?

Even if it were admitted (which is denied) that the jack was defective (and there is no evidence to show that it was defective) the question is, did the master know or ought to have known its condition? The appellant, therefore, having failed to submit, or substantiate by evidence, the real issue in controversy, was the jack defective? If so, what notice, if any, did the defendant have of such defect is logically without a claim for relief; yet in viewing this case from any angle, plaintiff is not entitled to recover.

This court has authoritatively held: "Where a servant is injured by reason of a defect in a tool, or appliance, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive of the existence of the defect in the tool or appliance. And the burden of showing such knowledge is upon the servant." *Hope* v. *Railroad Company*, 98 Miss. 822.

The court also approved the rule announced by Mr. THOMPSON in his work on negligence. Volume 4, Second Edition, section 3864. In an action by an employee against his employer for injuries sustained by the former in the course of his employment, from defective appliances, the presumption is that the appliances were not defective; and when it is shown that they were, then there is a further presumption that the employer had no notice or knowledge of this fact, and was not negligently ignorant of it.

This court also approved the doctrine announced in 26 Cyc. page 1411: "No presumption of negligence on the part of the master arises from the mere existence of a defect or the happening of the accident through which the servant was injured," and: "The law presumes in the absence of evidence to the contrary, that the master has performed his duty with reference to furnishing his servants with reasonably safe and suitable tools, machinery, appliances and places for work and had no notice of any defects therein. Ibid. 1412, and 1413.

This court has inflexibly maintained the principle enunciated in *Hope* v. *Railroad Company*, 98 Miss. 822, 54

So. 369. When a servant is injured by reason of a defect in a tool or appliance furnished him by the master, one of the essential elements of negligence on the part of the master is knowledge, actual or constructive, of the existence of the defect in the tool or appliance; consequently the burden of proof of showing such knowledge is upon the servant. *Alabama & Vicksburg Railway Company* v. *White,* 106 Miss. 141, 142; *Mississippi Central Railroad Company* v. *Bennett,* 111 Miss. 163. The court also cited *Railroad Company* v. *Bennett,* 111 Miss. 163. In *Ten Mile Lumber Company* v. *Garner,* 78, So. 776, referring to the suggestion that *res ipsa loquitur* applies, this court has also authoritatively and conclusively maintained.

The law presumes that the master has discharged his duty to furnish the servant with reasonably safe tools and appliances, and except as provided by statute, and in cases wherein the doctrine of *res ipsa loquitur* applies, this presumption is not overcome by mere proof of injury to the servant by reason of a defective appliance. *Hope* v. *Railroad Company,* 98 Miss. 822, 830. This wise rule is in accord with the great weight of authority.

That knowledge is a constituent element of negligence under any of its aspects will be sufficiently obvious to any one who considers that a want of care can be only manifested in one of two ways, viz., either by a partial and merely constructive, into complete and actual knowledge, or by a failure to act prudently with a full knowledge of the conditions. Any other theory would be inconsistent with that fundamental principle of jurisprudence which makes ignorance of facts a valid excuse for an injurious act, provided such ignorance is justifiable. 3 LaBatt's Master & Servant (2 Ed.), sec. 1018.

The authorities cited by plaintiff not applicable to the law or facts of this case. Counsel cite *Seybolt* v. *New York, Lake Erie and Western Railroad,* 47 Am. Rep. 75, to sustain their contention with reference to the doctrine of *res ipsa loquitur.* This case held: "In case of railroad accident, where the cars leave their proper track and in-

jury occurs, a presumption of negligence arises from the accident."

This is no new doctrine. Here the physical facts demonstrated that there was something wrong. Not so in the case at bar. The latch in the jack when jack was being worked up or down had to catch before it would hold and there is no evidence to show that latch had not been properly placed or that the latch was defective or that the staff in which the notches were for the latch to catch were defective. There is an absolute want of evidence, to show how or why the jack slipped or stripped, except that plaintiff says he made the hard strain on the jack lever, and that caused a great strain on it. And this was when the jack slipped or stripped. Plaintiff says he does not know, he made no examination of the jack either before or after the accident.

Then again, the case of *Railway Electric Company* v. *Hudgins,* 41 S. E. 736, can have no possible application to the law of the facts of this case, and does not relate to the liability of an employer for injury to an employee.

The case of *Santa Fe Lumber Co.* v. *Collins,* 198 S. W. 164, referred to by counsel, is readily differentiated from the case at bar. Counsel say: The court held that the master was liable where a servant suffered injuries where a sledge hammer flew off the handle while he was striking it. This statement is entirely too broad, because the holding of the court was based solely and alone on the evidence, which disclosed that the hammer was equipped with a defective handle and therefore was not a reasonably safe hammer with which to work. The court also found the handle was not put in the hammer by plaintiff and there is no evidence that it was in the hammer when plaintiff had used the same on previous occasions. This is not so in the case before us. There is no evidence that jack was defective and not a safe jack with which to work.

Counsel refer to *Corral* v. *C. B. & N. R. R. Co.,* 75 N. W. 175. This case has no possible application to the law of the facts of the case at bar. The Corral case was decided

on the theory that Dalson, a servant of the defendant negligently failed to fasten the window with the usual window fastening. The jury held on a controverted question of fact that the window was not properly fastened and that it fell and that under such conditions the defendant was held liable for the fall of the window on the plaintiff's hand.

The case of *Harris* v. *G. H. & S. A. R. R. Co.*, 107 S. W. 108, does not support counsel's contention. In this case the court held: "In an action for injuries to a brakeman by the breaking of a brake chain, evidence that the bolt that fastened the chain to the brake rod was worn to the extent of one-half or two-thirds thereof, and was so weakened that it could not withstand the turning of the wheel to set the brake, which defect could have been ascertained by proper inspection, was sufficient to establish the railway company's negligence."

In the case of *M., K. & T. R. Company* v. *Odem,* 152 S. W. 730, referred to by opposing counsel, there was an admission by counsel for the appellant that the facts were sufficient to sustain the finding of the jury that the jack was not in good condition. This is not true in this case because the plaintiff himself says that the jack worked alright.

We submit, therefore, that the learned circuit judge in the court below did not err in granting the defendant the peremptory charge to the jury to find for the defendant.

First: There was no evidence to show that jack was defective, or out of repair, as a proximate result of which plaintiff was injured.

Second: There was no evidence to show that the defendant knew, or could have known by the exercise of reasonable care and diligence, that jack was defective. The plaintiff did not know what caused it to strip or slip. He had used it before on the same car and he says: "The jack worked alright."

Third: Plaintiff made no report of his injury, as the rules of the defendant required. He worked almost continually for six months and drew his pay regularly, fre-

quently working overtime. No complaint was made to his fellow employees that he had been injured or that he could not work. He continued to work after the alleged accident just as he did before, up to the time he decided to quit some six months after he claimed to have been injured. He then quit on the 9th and filed suit on the 10th for fifty thousand dollars.

Fourth: The whole case shows that there is no liability against the defendant and the facts detailed by the defendant do not commend themselves to this court and, the action of the court below was eminently correct when he granted the defendant the affirmative charge.

We, therefore, earnestly and respectfully submit that the judgment of the court below was correct and should be affirmed.

SAM C. COOK, P. J., delivered the opinion of the court.

The appellant filed suit in Warren county against the Director General of Railroads and the Yazoo & Mississippi Valley Railroad. From the declaration, and the evidence produced at the trial, it appears that appellant was an employee of the railroad company in the shops of the company at Vicksburg. While so employed appellant was engaged in the repair of a caboose. In the prosecution of his work it became necessary to jack up the caboose. To accomplish this work the defendant company furnished appellant with a tool called a "jack." To do the work it was necessary to get under the cabose. This tool was furnished by the foreman on the job, and it was his duty to keep the jack in repair. The plaintiff testified that, while doing the work, the jack "stripped" and gave way, and for this reason a part of the caboose dropped on him, inflicting a serious and painful injury. The evidence shows that the jack was of fifteen-ton capacity, and that it "stripped" or broke under a pressure of about three hundred pounds. The plaintiff testified that the accident would not have happened, if the jack had been in proper repair. At the

close of the testimony the court, at the request of the defendant, directed a verdict for the defendant. This we believe is the case in capsule form.

When a tool designed to lift a load of as much as fifteen tons strips under a load of about three hundred pounds, it seems to us that something was radically wrong, and we believe that a jury of ordinary common sense might reasonably reach the conclusion that the inspector and repairer of this tool did not exercise ordinary diligence in his inspection of the jack, or in keeping the same in a reasonably safe condition. In this case the familiar doctrine of *"res ipsa loquitur"* comes into play. The facts speak for themselves, and the interpretation was solely within the province of the jury. It is a proven fact that a tool which, if in proper condition, would bear the strain of a load weighing fifteen tons stripped under the weight of three hundred pounds. The court erred in taking the case from the jury.

*Reversed and remanded.*

OPINION ON SUGGESTION OF ERROR.

COOK, J.

Appellee filed a suggestion of error, taking exception, among other things, to the statement of facts contained in the previous opinion, to the effect that "appellant was an employee of the railroad company in the shops of the company at Vicksburg."

This statement in the opinion is erroneous, as it appears from the record in this case that appellant was employed by the Director General of Railroads, and the former opinion is corrected to the extent of showing that fact. Otherwise the suggestion of error is overruled.

*Sustained in part, and overruled in part.*